

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HELEINE TCHAYOU, ET AL., | ) | CASE NO. CV 16-6073-TJH(MRWx) |
| | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | JURY INSTRUCTIONS |
| v. | ) | |
| CITY OF LOS ANGELES,  ET AL., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

This case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All persons stand equal before the law and are to be treated as equals.

2

Although there are multiple plaintiffs in this action, it does not follow from that fact alone that if one plaintiff is entitled to recover, all are entitled to recover. The defendant is entitled to a fair consideration as to each plaintiff, just as each plaintiff is entitled to a fair consideration of that plaintiff's claim against the defendant. Unless otherwise stated, all instructions I give you govern the case as to each plaintiff.

3.

Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to the plaintiff, all defendants are liable. Each defendant is entitled to a fair consideration of the evidence.   No defendant is to be prejudiced should you find against another defendant. Unless otherwise stated, all instructions I give you govern the case as to each defendant.

Unless I state otherwise, you should consider each instruction given to apply separately and individually to each plaintiff and to each defendant in the case.

5.

Plaintiff has the burden in a civil action, such as this, to prove every essential element of plaintiff's claim by a preponderance of the evidence. If plaintiff should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence, you should find for defendant as to that claim.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

6.

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not.

7.

You may use the notes taken by you during the trial.  However, the notes should not be substituted for your memory.  Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

8.

It is my duty to caution or warn an attorney who does something I believe is not in keeping with the rules of evidence or procedure.  You are not to draw any inference against the side I may caution or warn during the trial.

9.

Testimony and exhibits may be admitted into evidence during a trial only if tbey meet certain criteria or standards.  It is a lawyer's the duty to object when the other side offers testimony or an exhibit that the lawyer believes is not properly admissible under the rules of law.  Only by offering an objection can a lawyer request and obtain a ruling from me on the admissibility of the evidence being offered by the other side.  You should not be influenced against any lawyer or the lawyer's client because the lawyer has made objections.

Do not attempt to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

10.

During the trial, I may sometimes ask a witness questions. Please do not think I have any opinion about the subject matter of my questions. I may ask a question simply to clarify a matter, not to help one side of the case or harm another side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

If a lawyer asks a witness a question containing an assertion of fact, you may not consider the assertion as evidence of that fact.   The lawyer's questions and statements are not evidence.

12.

Generally speaking, there are two types of evidence presented during a trial — direct evidence and circumstantial evidence.  "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  A greater degree of certainty is not required of circumstantial evidence.  You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

13.

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

14.

You are to consider only the evidence in the case.  However, you are not limited to the statements of the witnesses.  You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

15.

Unless outweighed by evidence to the contrary, you may find an official duty has been regularly performed, private transactions have been fair and regular, the ordinary course of business or employment has been followed, things have happened according to the ordinary course of nature and the ordinary habits of life, and the law has been obeyed.

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  There is an exception to this rule for "expert witnesses." An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling.  Expert witnesses state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.  If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's is outweighed by other evidence, you may disregard the opinion entirely.

17

Evidence as to any oral statements or admissions, claimed to have been made outside of court by a party to any case, should always be considered with caution and weighed with great care. The person alleged to have made the alleged statement or admission may not have expressed clearly the meaning intended, or the witness testifying to an alleged admission may have misunderstood or may have misquoted what was actually said.

However, when an oral statement or admission made outside of court is proved by reliable evidence, that statement or admission may be treated as trustworthy and should be considered along with all other evidence in the case.

18

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case. The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

19.

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

20.

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness.  However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

21.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Plaintiffs claim damages alleged to have been sustained as the result of a deprivation, under color of state law, of a right secured to plaintiffs by the Fourth Amendment of the United States Constitution and by a federal statute protecting the civil rights of all persons within the United States.

Plaintiffs allege defendant police officers subjected plaintiffs to deprivation of rights and privileges secured and protected by the Constitution and laws of the United States, namely the constitutional right to be free from excessive use of force.

Defendant police officers deny that any of their actions during the time in question violated plaintiffs' constitutional rights. Defendant police officers claim that they were acting in good faith and with probable cause and that their actions were reasonable. Defendant police officers further claim that they were not guilty of any fault or wrongdoing in regard to the incident sued upon.

23.

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force. In other words, a law enforcement official may only use the amount of force necessary under the circumstances to.  Every person has the constitutional right not to be subjected to excessive force while being arrested or stopped,  even if the arrest or stop is otherwise proper.

In this case, plaintiffs claim defendants violated plaintiff's Fourth Amendment rights by using deadly force against Charly Keunang.

To establish that defendants violated the Fourth Amendment by using deadly force, plaintiffs must prove defendant intentionally committed acts that constituted deadly force against plaintiff. If you find that defendants shot and killed Charly Keunang, then you have found defendants used deadly force. In addition, plaintiffs must prove a defendant did not have probable cause to believe that Charly Keunang posed a significant threat of serious physical injury to defendants or others.

You should consider all the relevant facts and circumstances leading up to the time of the encounter defendants reasonably believed to be true at the time of the encounter. The reasonableness of defendants' acts must be judged from the perspective of a reasonable officer on the scene. The concept of reasonableness makes allowance for the fact that police officers are often forced to make split-second judgments in circumstances that are sometimes tense, uncertain, and rapidly evolving, about the amount of force that is necessary in a particular situation.

Plaintiff must prove defendant intended to commit the acts in question; but apart from that requirement, defendant's actual motivation is irrelevant. If the force defendant used was unreasonable, it does not matter whether defendant had good motivations. A law enforcement officer's improper motive will not establish excessive force if the force used was objectively reasonable.

24.

The federal civil rights act under which plaintiff brings this suit was enacted by Congress to enforce the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment to the Constitution provides that:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

As a matter of law, under the Constitution of the United States every citizen has the right to his liberty, that is, the right not to be arrested without due process of law. Every person also has the right under the Constitution to be secure in the person's home or dwelling against unreasonable searches. Finally, every person has the constitutional right not to be subjected to unreasonable force while being arrested by a law enforcement officer, even though such arrest is otherwise made in accordance with the law.

Section 1983, the federal civil rights statute under which plaintiffs sue, provides that a person may seek relief in this court by way of damages against any person or persons who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

Plaintiffs claim the defendant police officers used excessive force when they seized Charly Keunang. In making a lawful arrest, a law enforcement officer has the right to use such force as is necessary under the circumstances to effect the arrest. Whether or not the force used in making an arrest was unreasonable is a question to be determined by you in light of all of the evidence received in the case.

You must determine the degree of force that a reasonable and prudent police officer would have applied in effecting the arrest under the circumstances shown from the evidence received in this case. In determining whether the defendant police officers used excessive force, you may consider:

1. The extent of the injury suffered;
2. The need for the application of force;
3. The relationship between the need and the amount of force used;
4. The threat reasonably perceived by the responsible officers;
5. Any efforts made to temper the severity of a forceful response;
6. The nature of the crime or other circumstances known to the officer(s) at the time force was applied;
7. Whether the plaintiff posed an immediate threat to the safety of the officer(s) or to others;
8. Whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;
9. The amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;
10. The type and amount of force used;
11. The availability of alternative methods to take the plaintiff into custody or to subdue the plaintiff;
12. The number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; *i.e.*, which party created the dangerous situation, and which party is more innocent;
13. Whether it was practical for the officer(s) to give a warning of the imminent use of force; and whether such a warning was given;
14. Whether it should have been apparent to the officer(s) that the person they used force against was emotionally disturbed;

26.

15.    Whether a reasonable officer would have or should have accurately perceived a mistaken fact;

16.    Whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with hindsight. The nature of reasonableness must allow for the fact that police officers are often forced to make split-second judgments--under circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation.

This reasonableness inquiry is an objective one. The question is whether the defendant police officers' actions were objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.

If you find plaintiffs have proven their claims, you must then consider the defense of defendant police officers that their conduct was objectively reasonable in light of the legal rules clearly established at the time of the incident in issue and that they are therefore not liable.

Police officers are presumed to know about the clearly established constitutional rights of citizens– here, the constitutional right to be free from the excessive use of force.

If, after considering the scope of discretion and responsibility generally given to police officers in the performance of their duties, and after considering all of the surrounding circumstances of the case as they would have reasonably appeared at the time of the arrest, you find from a preponderance of the evidence that plaintiffs have proved that defendant police officers knowingly violated the law regarding Charly Keunang's constitutional rights, you must find for Plaintiffs .

If, however, you find that a reasonable police officer would have thought that the defendant police officers' actions did not violate the constitutional rights of Charly Keunang, then you cannot find defendant police officers liable even if Charly Keunang's rights were in fact violated as a result of the defendant police officers' actions.

27.

To prove plaintiff's claim, the burden is upon plaintiffs to establish by a preponderance of the evidence each of the following elements:

First:        Defendant police officers performed acts that operated to deprive plaintiffs of one or more of plaintiffs' federal Constitutional rights, as defined and explained in these instructions, by using excessive force against Charly Keunang; and

Second:    Defendant police officers then and there acted under the color of state law.

Because defendants were officials of the Los Angeles Police Department at the time of the acts in question, defendants were acting under color of state law. In other words, the second requirement is satisfied.

28

A police officer may be liable for failing to intervene when another police officer violates someone's rights under the constitution or law.  In order to prevail on this claim, plaintiff must prove by a preponderance of the evidence that:

1.    One of more of the Defendants Chand Syed, Francisco Martinez, Daniel Torres and/or the Los Angeles Police Department violated Charly Keunang's rights under the United States Constitution or law;

2.    Defendants Chand Syed, Francisco Martinez, Daniel Torres and/or the Los Angeles Police Department had a duty to intervene.  Among other things, police officers have a duty to intervene to prevent the use of excessive force by a fellow officer;

3.    Defendants Chand Syed, Francisco Martinez, Daniel Torres and/or the Los Angeles Police Department had a reasonable opportunity to intervene;

4.    Defendants Chand Syed, Francisco Martinez, Daniel Torres and/or the Los Angeles Police Department failed to intervene.

29.

"Deliberate indifference" to the rights of others is the conscious or reckless disregard of the consequences of one's acts or omissions. Deliberate indifference requires more than negligence or ordinary lack of due care.

30.

Intent ordinarily may not be proved directly because there is no way of understanding or scrutinizing the operations of the human mind. But you may infer a person's intent from surrounding circumstances. You may consider any statement made or act done or omitted by a party whose intent is in issue, and all other facts and circumstances indicating the party's state of mind.

You may consider it reasonable to draw the inference and find a person intends the natural and probable consequences of acts knowingly done or knowingly omitted, or where a person was substantially certain that the assault or battery would result from his or her conduct. It is for you to decide what facts have been established by the evidence.

31.

Under Title II of the Americans with Disabilities Act and § 504 of the Rehabilitation Act, it is unlawful for a government entity like the Los Angeles Police Department to intentionally discriminate against an individual with a disability in the provision of benefits, services, programs or activities because of that person's disability.

In this case the plaintiffs claim defendant Los Angeles Police Department discriminated against Charly Keunang because Charly Keunang had a disability.

Defendant Los Angeles Police Department denies this charge.

32.

The term "disability" means:

One:     A physical or mental impairment that substantially limits
one of the major activities of life, such as caring for
oneself, performing manual tasks, walking, seeing, hearing,
speaking, breathing, learning, or working; or

Two:     A record of such an impairment; or

Three:   Being regarded as having such an impairment.

The determination of whether decedent Mr. Keunang was disabled must be
made with reference to measures that mitigate his alleged impairment including
medication.

33.

A public entity may be liable for unlawful discrimination under Title II of the Americans with Disabilities Act or § 504 of the Rehabilitation Act, if it intentionally or with deliberate indifference failed to provide meaningful access or a reasonable accommodation to disabled persons.

To establish their claim of unlawful discrimination by Defendant City of Los Angeles, Plaintiffs have the burden of proving the following:

First:     Charly Keunang was disabled;

Second:     Defendant City of Los Angeles intentionally or with deliberate indifference failed to reasonably accommodate Charly Keunang's disability in the course of an investigation or arrest; and

Third:     Failing to provide a reasonable accommodation caused Charly Keunang to suffer greater injury or indignity during the investigation or arrest than other arrestees would have suffered.

34.

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

35.

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges — judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

36.

Upon retiring to the jury room, you will select one of you to act as your foreperson.  The foreperson will preside over your deliberations, and will be your spokesperson here in court.

A special verdict form has been prepared for your convenience.  You will take this form to the jury room.

*[Read verdict form.]*

37.

At any time during your deliberations, you may submit to the Court your verdict as to any party concerning whom you have unanimously agreed.

38.

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me by any means other than a signed writing.  I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

From the oath about to be taken by the bailiffs you will note that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person — not even to me — how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

39.

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

40.